IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-81752 |
| | ) | |
| LISA M. SPROUSE, | ) | CH.13 |
| | ) | |
| Debtor(s) | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on February 11, 2008, regarding Filing No. 30, Amended Chapter 13 Plan, filed by the debtor; Filing No. 34, Objection to Confirmation of Plan, filed by Michael L. Taylor; Filing No. 35, Objection to Confirmation of Amended Plan, filed by Michael L. Taylor; and Filing No. 44, Objection to Confirmation of Plan, filed by Trustee Kathleen Laughlin. Patricia Geringer appeared for the debtor, Duane Dougherty appeared for Michael Taylor, and Thomas Kenny appeared for the trustee.

The debtor has filed a Chapter 13 plan which has been objected to by the trustee and by the debtor's former husband, Michael Taylor. The trustee's objection deals with funding issues. The plan and Form 22C may need to be amended following the entry of this order so that the trustee's objection may be resolved.

Michael Taylor's objection is that the plan does not provide that the debtor will continue to pay a debt assigned to her in the Decree of Dissolution of Marriage (Filing No. 41). Mr. Taylor asserts that such debt is non-dischargeable as support. The language in the Decree, at Exhibit A with regard to the obligation Mr. Taylor is concerned about, is as follows:

> A. The debt owed to Bank of the West shall be paid as follows: Lisa shall pay $303.00 per month and Mike shall pay $288.75 per month, until the debt is paid in full. Both parties shall be solely responsible for their portion of the debt and shall hold the other party harmless and indemnify therefrom.
>
> NON-DISCHARGEABILITY: All debts which the Plaintiff is to pay and hold the Defendant harmless from, as set forth in this Decree, shall be considered in the nature of support but not as alimony, and Plaintiff agrees that the same shall be non-dischargeable in bankruptcy. All debts which the Defendant is to pay and hold Plaintiff harmless from, as set forth in this Decree, shall be considered in the nature of support but not as alimony, and Defendant agrees that the same shall be non-dischargeable in bankruptcy.

Obligations which are defined as "domestic support obligations" under 11 U.S.C. § 523(a)(5) are excepted from discharge in a Chapter 13 case by virtue of § 1328(a)(2). To paraphrase the statute, a "domestic support obligation" is defined in 11 U.S.C. § 101(14A) as a debt owed to a former spouse in the nature of alimony, maintenance, or support of such former spouse established before the petition date by a divorce decree or property settlement agreement.

In contrast to the non-dischargeability of a domestic support obligation, a debt to a former spouse that is not in the nature of support, described in 11 U.S.C. § 523(a)(15), which would be non-dischargeable in a Chapter 7 case, is dischargeable in a Chapter 13 case. That is because 11 U.S.C. § 1328(a)(2) does not include § 523(a)(15) in the exception to discharge provisions.

Mr. Taylor, although not specifically citing 11 U.S.C. § 523(a)(5), does argue that the debtor's obligation arising from the Decree is "in the nature of support" as that term is used in the paragraphs from the decree quoted above.

Whether a particular debt is a support obligation or part of a property settlement is a question of federal bankruptcy law, not state law. Williams v. Williams (In re Williams), 703 F.2d 1055, 1056 (8th Cir. 1983). Courts are to look at the parties' intent and the function the award was intended to serve at the time of the divorce. Moeder v. Moeder (In re Moeder), 220 B.R. 52, 55 (B.A.P. 8th Cir. 1998) (citing Holliday v. Kline (In re Kline), 65 F.3d 749, 751 (8th Cir. 1995); Adams v. Zentz, 963 F.2d 197, 200 (8th Cir. 1992); Williams, 703 F.2d at 1056; Boyle v. Donoavn, 724 F.2d 681, 683 (8th Cir. 1984)).

In this case the evidence is that the obligation to Bank of the West was incurred solely by Mr. Taylor. The debtor did not sign the note or the mortgage. The mortgage was secured by a residence previously owned by Mr. Taylor's father but deeded to Mr. Taylor during the marriage. The evidence is in dispute with regard to what happened to the money that Bank of the West loaned to Mr. Taylor. Apparently some of it was used to pay off a debt of Mr. Taylor's father. The parties seriously dispute how the balance was used.

Mr. Taylor insists that this obligation is in the nature of support because he cannot afford to pay the debt unless the debtor pays her portion. The debtor insists that she agreed to make the payment identified in Exhibit A to the decree because she was under duress and thought the only way she could obtain the divorce from Mr. Taylor was to sign the agreement. Prior to the entry of the decree, the debtor had obtained a domestic abuse protection order from the District Court of Douglas County, Nebraska, against Mr. Taylor (Filing No. 54). The debt in question is apparently a refinance of an earlier debt. The refinance occurred while the parties were separated and the domestic abuse protection order was in effect.

Neither the debtor nor Mr. Taylor had an attorney for the divorce. The record is unclear with regard to who prepared the decree and Exhibit A. There is no evidence in this record concerning the financial circumstances of either party at the time of the entry of the decree. There is nothing in the record, except for the language from Exhibit A quoted above, which would indicate that the debtor's obligation is a domestic support obligation as that term is defined in the Bankruptcy Code. The language used in Exhibit A, "in the nature of support," is contained in 11 U.S.C. § 101(14A)(B), but the phrase is undefined in the Code. Because of the lack of definition, cases decided prior to the 2005 amendments which dealt with the phrase "in the nature of support," such as Williams, supra, are applicable.

Mr. Taylor argues that even if the debtor's obligation to pay her share of the Bank of the West debt and hold him harmless thereon is not the type of debt that falls under 11 U.S.C. § 523(a)(5) as a domestic support obligation, but instead falls under 11 U.S.C. § 523(a)(15) as in the nature of a property settlement, the language quoted from Exhibit A to the decree provides that such obligation is non-dischargeable and the decree should be enforced against the debtor. However, regarding the language in the property settlement agreement that the debt is non-dischargeable,

> It is well settled that an action brought under state law to establish a state created debt is separate and distinct from an action brought under § 523(a) of the

    Bankruptcy Code to determine the dischargeability of the same debt. <u>Brown v. Felsen</u>, 442 U.S. 127, 134-35, 99 S. Ct. 2205, 2211, 60 L. Ed.2d 767 (1979); <u>Resolution Trust Corp. v. McKendry (In re McKendry)</u>, 40 F.3d 331, 336-37 (10th Cir. 1994). At the time of the state court's decree, the Debtor's bankruptcy petition had not yet been filed, and therefore no cause of action under § 523 yet existed. As a result, the issue of dischargeability was not properly before the state court, and any judgment rendered by the state court on the issue of dischargeability does not constitute a final judgment rendered by a court of competent jurisdiction.

<u>Tatge v. Tatge (In re Tatge)</u>, 212 B.R. 605, 609 (B.A.P. 8th Cir. 1997) (marital settlement agreement provided that debtor would assume mortgage payments but such assumption could be discharged in bankruptcy; the inclusion of this language in the divorce decree was not res judicata as to the dischargeability of the debt).

    In addition to all of the above, the obligation incurred by the debtor by virtue of the language in Exhibit A to the decree is vague. There is no money judgment identified in the decree. There is no amount, the total of which the debtor is required to pay. There is no note or mortgage or deed of trust identified for which the debtor is obligated, except the general statement that "the debt owed to Bank of the West shall be paid as follows:". There is no indication in the decree or in Exhibit A with regard to who actually executed the note, if any, the mortgage or deed of trust, and no indication with regard to owns the property which is subject to the lien.

    Based upon all of the above, I find that the debtor's obligation arising from the language in Exhibit A to the Dissolution of Marriage Decree is simply a contract between the debtor and her former husband with regard to a property settlement agreement incorporated into the Dissolution of Marriage Decree. It is not in the nature of support, but is the type of debt dealt with by 11 U.S.C. § 523(a)(15) which is dischargeable in a Chapter 13 case, assuming the debtor obtains confirmation of a Chapter 13 plan and completes payments under such plan.

    THEREFORE, IT IS ORDERED that the objection to confirmation filed by Michael Taylor (Fils. #34 and 35) is denied. The debtor is granted thirty (30) days to file an amended Form 22C and/or an amended plan to resolve the objection of the trustee.

    DATED:    February 25, 2008

    BY THE COURT:

    /s/ Timothy J. Mahoney
    Chief Judge

Notice given by the Court to:
    Patricia Geringer    Thomas Kenny
    *Duane Dougherty    U.S. Trustee

Movant (*) is responsible for giving notice of this order if required by rule or statute